UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN M.,[1] <br>     Plaintiff <br> v. <br> ANDREW M. SAUL, Commissioner of Social Security, <br>     Defendant. | Case No. 2:20-cv-06202-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Karen M. ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her applications for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 14 ("Pltf.'s Br.") and Dkt. 15 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

---

[1]     In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On July 12, 2017, Plaintiff filed applications for SSI and DIB, alleging that she became disabled as of April 1, 2006. [Dkt. 13, Administrative Record ("AR") 182.] Plaintiff's applications were denied initially, on reconsideration, and after a hearing before Administrative Law Judge ("ALJ") Matilda Surh [AR 1-6, 15-24.] Plaintiff requested review from the Appeals Council, which denied review on May 18, 2020. [AR 1-6.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 1, 2006, the application date. [AR 17 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: lumbar disc disease-status post fusion and disc replacement. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 19 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC) to perform sedentary work as follows:

> the [Plaintiff] is limited to lifting-carrying 20 pounds occasionally and 10 pounds frequently; is limited to sitting six hours; is limited to standing-walking two hours; is limited to occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and cannot climb ladders, ropes, and scaffolds.

[AR 25.] Applying this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work, but determined that based on her age (35 years old on her alleged disability onset date), education, and ability to communicate in English, she could perform representative occupations such as order clerk (DOT 209.567-014),

ticket counter (DOT 219.587-010), and routing clerk (DOT 222.587-038), and, thus, is not disabled. [AR 23.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV.   DISCUSSION

The single issue raised by Plaintiff asserts that the ALJ failed to state sufficient reasons for discounting her subjective symptom testimony. [Pltf.'s Br. at 10-15.] The Court agrees.

Plaintiff has the severe impairment of lumbar degenerative disc disease—status post fusion and disc replacement. [AR 17.] Plaintiff testified that she was injured on May 13, 2002, after lifting a heavy box while working at Trader Joes. [AR 34-35.] As a result of her injury, Plaintiff testified that she has been under anesthesia about 27 times. [AR 35.] She has an artificial disc in her back and a spinal fusion. [AR 35.] She stated that she has pain on both sides of her back. She relayed that she is "in so much pain" and she is "destroyed," "depressed," and that her life is "just a disaster." [AR 38.] For her back pain, Plaintiff stated that she takes

3

pain medication but "nothing works." [AR 39.]

When asked about her functional abilities, Plaintiff testified that she can walk for about ten to fifteen minutes and lift about seven pounds. [AR 41.] She stated that she could not sit for an hour at a time without needing to alternate between standing and sitting. [AR 42.] Plaintiff testified that she is most comfortable when lying down. [AR 39.]

Regarding her daily activities, Plaintiff testified that she lives in an apartment by herself. [AR 33.] She does basic chores, but she explained that she uses a dishwasher, so she does not "actually do dishes," and she can do laundry but it amounts to "maybe … two loads a month at most." [AR

She has her driver's license and she usually drives to her mother's house which is four miles away. [AR 36.] She visits her mother twice a week and stays for about two or three hours. [AR 37.] Her typical day includes staying in her apartment, lying down (sometimes in bed and sometimes in a recliner) and watching TV. [AR 36- 37.] She can prepare snacks but she could not "remember the last time [she] used her oven." [AR 37.] Finally, she stated that she goes grocery shopping for things she needs. [AR 37.]

Because there is no allegation of malingering and the ALJ found that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" [AR 22], the ALJ's reasons must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

Here, the ALJ gave two reasons to reject Plaintiff's credibility: (1) inconsistencies between Plaintiff's testimony and her daily activities suggest that Plaintiff is not "limited to the extent one would expect given the complaints of disabling symptoms and limitations" and (2) inconsistencies between the objective medical evidence and Plaintiff's alleged disabling symptomatology. [AR 20.] The Court takes each in turn.

First, the ALJ found that Plaintiff's reported daily activities are not entirely consistent with her "disabling symptoms and limitations." [AR 20.]. An ALJ may rely on "testimony about the claimant's daily activities" to "discredit an allegation of pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The underlying theory is that if "a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." *Id.* An ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1) "contradict [the claimant's] other testimony"; or (2) "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. But "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch*, 400 F.3d at 681). Moreover, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Here, the ALJ noted that Plaintiff's daily activities include "laundry" and other household chores, she is able to run errands, go shopping, cook and she can also dress and bathe independently. [AR 20.] The ALJ also found that Plaintiff "is

able to pay her own bills and handle her own money. Further [she] lives alone and has not reported any particular help in maintaining the residence." [AR 20-21.] However, the ALJ fails to explain how these daily activities contradict Plaintiff's testimony or established that she can work. In fact, the ALJ does not make any specific findings regarding Plaintiff's daily activities. Rather, the ALJ merely summarized the activities that Plaintiff testified about performing. It is not apparent from the record how Plaintiff's statements regarding the minimal activities that she can perform inside and outside the home to take care of herself conflict with Plaintiff's allegedly disabling symptomology. "[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001). Further, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Thus, the record fails to show that Plaintiff's asserted home activities are inconsistent with her allegedly disabling symptomatology.

Second, the ALJ concluded that the objective medical evidence was inconsistent with Plaintiff's testimony regarding her limitations. [AR 20.] It is well established that an "ALJ may not discredit a claimant's subjective testimony on" the sole basis that "no objective medical evidence" supports the claimant's testimony as to "the severity of the subjective symptoms from which he suffers." *Light v. Comm'r of Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Indeed, "it is the very nature of excess pain to be out of proportion to the medical evidence," and

6

thus, a finding that a claimant is not credible because his pain testimony is out of proportion to the medical evidence is an "inadequate reason." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). While the lack of medical evidence to support a claimant's allegations of disabling pain and symptoms "is a factor that the ALJ can consider in his credibility analysis," it "cannot form the sole basis for discounting pain testimony." *Burch*, 400 F.3d at 681.

Thus, this reason, on its own, is inadequate to support the ALJ's adverse credibility determination, because the asserted failure of the medical record to corroborate Plaintiff's subjective symptom and pain testimony fully is not, by itself, a legally sufficient basis for rejecting such testimony. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ may not make a negative credibility finding "solely because" the claimant's symptom/pain testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light*, 119 F.3d at 792 ("a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); *Bunnell v. Sullivan*, 947 F.2d at 345 ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]."). The ALJ's last reason, therefore, is not clear and convincing and cannot save the ALJ's adverse credibility determination.

In an effort to support the ALJ's credibility determination, Defendant argues that elsewhere in the record, Plaintiff noted that while she goes outside daily, she did not do so more because she feels "depressed" and she "would rather be in a dark room alone." [Def.'s Br. at 4-7.] Defendant argues that this is substantial evidence that Plaintiff's daily activities are self-limited based on her mood and not her physical limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001) ("to the extent that the claimant's activities of daily living are limited, they are self-limited." This indicates that Plaintiff's current restrictions of daily living are a

7

lifestyle choice.)  However, and critically, the ALJ never asserted or implied that Plaintiff was not believable because her limitations were self-imposed or stem from a lack of motivation.  And this Court "may not affirm the ALJ on a ground upon which he did not rely."  *Orn*, 495 F.3d at 630 (internal citation omitted)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility decision based on reasons not cited by the ALJ).  Thus, the Court declines to address this additional reason proffered by the Commissioner.

Accordingly, as there is no basis for finding the ALJ's error to be harmless, reversal is required.

## V.    CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*  A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review could remedy the ALJ's errors.  On remand, the Commissioner must re-evaluate Plaintiff's pain/subjective symptom assertions and testimony properly, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert

testimony. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: May 11, 2021

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE